JOHN L. BURRIS, ESQ. CSB#69888
LAW OFFICE OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621-1939
Tel.: (510) 839-5200
Fax: (510) 839-3882
email: John.Burris@JohnBurrisLaw.com

Attorneys for Plaintiff
STANLEY HALL



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HALL,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), a private corporation; DOES 1 - 25, inclusive,<br><br>    Defendants.<br>_____/ | No. C07-05673<br><br>COMPLAINT: COMPENSATORY AND PUNITIVE DAMAGES [EMPLOYMENT DISCRIMINATION (AGE/RACE); BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; VIOLATION OF 42 U.S.C. § 2000(e), et. seq.]<br><br><u>**JURY TRIAL DEMANDED**</u> |

## JURISDICTION

1.  This action arises under Title 42 of the United States Code, Section 2000e et seq. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331. Defendant NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK") [hereinafter referred to as AMTRAK] operates passenger trains and maintains rail lines in all states, including California, where the causes of action stated herein arose. Plaintiff requests the Court exercise its jurisdiction

COMPLAINT FOR DAMAGES (EMPLOYMENT DISCRIMINATION)                    1

over pendent state causes of action under Title 28 of the United States Code, Section 1367.

## PARTIES

2.  Plaintiff STANLEY HALL [hereinafter referred to as HALL] is, and at all times herein mentioned was, a citizen of the United States, resident of Oakland, a city within Alameda County, California. Plaintiff is a black man and at the time of the events giving rise to this suit was over the age of 40 years.

3.  Plaintiff is informed and believes, and thereon alleges, that defendant AMTRAK is a private corporation organized under the laws of the United States of America.

4.  Plaintiff is informed and believes and thereon alleges that unknown individual defendants were at all times mentioned herein employed by AMTRAK.

5.  Plaintiff is informed and believes and hereon alleges, at all times mentioned, that defendants, and each of them, were the agents and employees of each of the other defendants, and in doing the things hereinafter alleged were acting within the scope of their authority as such agents and employees, and with the permission and consent of each other. The relationships between defendants were and are created by agreement, by ratification, by ostensible authority or otherwise, and this Paragraph is not a limitation on the manner in which said relationships were created as a matter of fact or a matter of law.

COMPLAINT FOR DAMAGES (EMPLOYMENT DISCRIMINATION)                                2

6. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages herein alleged were proximately caused by such defendants.

## STATEMENT OF FACTS

7. Plaintiff hereby incorporates paragraphs 1 through 6 by reference, as though they were realleged at length and in full.

8. Plaintiff began his employment at defendant AMTRAK, on October 1, 2003, and at the times mentioned herein served as Principal Officer--West Coast Infrastructure Agreements. In approximately April, 2006, Jeffrey Mann ("Mann"), was given oversight of the function managed by plaintiff as his direct supervisor and Senior Director of State contracts for AMTRAK. Prior to the reassignment of Mann, plaintiff had received evaluations which reflected consistent performance exceeding expectations in all areas of his responsibilities. In August, 2006, Mann completed an evaluation of plaintiff covering the period October, 2004 to September, 2005, a period in which he

had no opportunity to observe plaintiff's performance (plaintiff's supervisor had been terminated) or supervise his work. That evaluation, in every significant aspect, reversed the findings of previous evaluations. Mann is a caucasian, who maintained his office in North Carolina and, with the exception of oversight of HALL and Carol Gambral, a white female, was responsible for contract operations on the East Coast of the United States. In October, 2006, Mann, without discussing his intention to do so, marked up an email HALL had prepared and sent it to (Mann's supervisor and) HALL'S ultimate manager behind HALL'S back. Mann essentially attempted to create the impression that HALL'S writing ability was poor. The revisions were of the type that could be made to anyone's correspondence and at best reflected a different writing style with innocuous or non-existent change in what was being communicated. This was a secretive attempt to injure HALL's reputation or stature with his ultimate superior and to set him up for termination.

9. In January, 2007, Mann again prepared an evaluation of HALL which built on the previous negative evaluation (which again, covered a period for which Mann was not supervising HALL) and followed that by reassigning HALL's largest contracts to a white manager. Mann then provided timelines within which HALL was to complete complex assignments which timelines were wholly unrealistic. Mann insisted that HALL demonstrate proficiency in computer systems that had never previously been utilized for the projects for which HALL was responsible and

COMPLAINT FOR DAMAGES (EMPLOYMENT DISCRIMINATION)                                    4

either impeded HALL's efforts to receive training in those systems or demanded a level of proficiency which the training staff itself could not demonstrate. These manipulations provided the pretext Mann needed to place HALL on a performance improvement plan (PIP), required by AMTRAK corporate policies as a prerequisite to termination absent gross misconduct. The performance improvement indicators were wholly subjective and vague such that the performance improvement plan did not serve, and was not intended to serve, the purposes established by AMTRAK.

    10. HALL is diabetic and the campaign of Mann caused a reaction which required HALL take a disability leave during the term of the performance improvement plan, in February, 2007. Upon HALL's return in April, the performance improvement plan was immediately reinstated. HALL was terminated June, 20, 2007 for failure to demonstrate the improvement mandated by the performance plan, although the PIP had no internal benchmarks or timelines by which proficiency in any of the covered areas was to be met. HALL is informed and believes that the sequence of actions by Mann was motivated by HALL's race and/or age. The aforedescribed actions of Mann were undertaken as part of and in furtherance of a scheme he participated in, and with the approval or encouragement of other persons whose identities or scope of participation are not sufficiently known to plaintiff to plead at this time, which scheme constituted a denial of equal terms and conditions of employment in contravention of

COMPLAINT FOR DAMAGES (EMPLOYMENT DISCRIMINATION)    5

law and AMTRAK policy. These actions were also undertaken by defendants with the knowledge that the effect of their success would likely end plaintiff's career and blunt his opportunities for further employment.

11. Defendants' relentless and comprehensive scheme of discriminatory practices forced plaintiff to file claims with the U.S. Equal Employment Opportunity Commission ("E.E.O.C."). Plaintiff has exhausted his administrative remedies and the EEOC issued plaintiff a notice of right to sue these defendants.

**DAMAGES**

12. As a proximate result of defendants' conduct, and each of them, plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of her sense of security, dignity, and pride as an American citizen.

13. As a further proximate result of defendants' conduct, plaintiff claims general damages, including but not limited to: substantial losses of earnings, bonuses, deferred compensation, and other employment benefits which he would have received had defendants not breached said agreement, plus incurred medical expenses and lost time from his usual occupation.

14. The conduct of defendants was oppressive, and carried out with reckless disregard and indifference to Plaintiff's rights. Plaintiff is therefore entitled to an award of punitive damages against the culpable defendants.

15. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

### FIRST CAUSE OF ACTION
### Race and Age Discrimination
### 42 U.S.C. § 2000e et seq.
### (All Defendants and DOES 1-25, inclusive)

16. Plaintiff hereby incorporates paragraphs 1 through 15 by reference, as though fully set forth herein.

17. Plaintiff is an African-American and at all times herein mentioned was over the age of 40 years.

18. Plaintiff filed a charge concerning the race and age based discriminatory conduct of defendants alleged herein with the Equal Employment Opportunity Commission and received a right-to-sue letter from said agency with respect to the charges herein.

19. AMTRAK's refusal to continue the employment of plaintiff was discriminatory on the basis of age and race, in that similarly or less favorably situated white, younger employees were accorded different treatment with respect to the matters plaintiff alleges.

20. Plaintiff has been damaged by the defendants' conduct and is entitled to recover damages as set forth herein.

21. Plaintiff has been required to retain counsel to redress the wrongful conduct by defendants alleged herein and

is consequently entitled to an award of reasonable attorneys fees therefore.

22. Defendants conduct described herein was done with a conscious disregard of plaintiff's rights and with the intent to vex, injure or annoy plaintiff such as to constitute oppression, fraud or malice, entitling plaintiff to punitive damages in an amount appropriate to punish or set an example of defendants for the public good.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them hereinafter set forth.

### SECOND CAUSE OF ACTION
### Breach of Contract
### (Defendant AMTRAK and DOES 1-25, inclusive)

23. Plaintiff hereby incorporates paragraphs 1 through 22 by reference, as though fully set forth.

24. In departure from established procedure defendant denied plaintiff an opportunity to be fairly evaluated as to his work performance and to receive the benefits of a remedial plan (performance improvement plan) consistent with the manner in which similarly situated employees were treated.

25. As a proximate result of defendants' conduct, plaintiff has been damaged by career interruption damages, and by loss of pay and benefits including but not limited to pension benefits. The amount of the foregoing damages, and all claimed general damages, are not presently known to plaintiff and are continuing. The exact amount of such damages will be submitted at the time of trial.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
Breach of the Implied Covenant of Good Faith and Fair Dealing
(Defendant AMTRAK and DOES 1-25, inclusive)

26. Plaintiff hereby incorporates paragraphs 1 through 25 by reference, as though fully set forth herein.

27. The contract between the parties contained the term, implied by law, that the parties would each act in good faith and deal fairly with each other with respect to the objects of the contract so as not to deprive each other of the benefits of their bargain.

28. By denying the existence of the contract, which promises a fair and objective process for evaluating employee performance and equal application of measures to develop the competencies and correct deficiencies of employees should any exist, the defendants have breached the covenant of good faith and fair dealing, described above, without a good faith belief that such conduct was honest or proper.

29. As a further proximate result of the aforesaid wrongful conduct of defendants, plaintiff has suffered and will continue to suffer in the future, injuries to his person, anxiety, worry, mental and emotional distress, and other incidental damages, all to plaintiff's general damage.

30. Defendants' conduct necessitated that plaintiff retain counsel to assert and prove the existence of the contract. Plaintiff has to date incurred attorneys' fees and

COMPLAINT FOR DAMAGES (EMPLOYMENT DISCRIMINATION)                                    9

costs and he continues to incur, and will continue to incur, further sums to prove the existence of said contract. Defendants are consequently obligated to pay his attorneys fees and costs incurred thereby in a sum to be proven at or after trial.

31. The conduct of defendants described herein was done with a conscious disregard of plaintiff's rights and with the intent to vex, injure or annoy plaintiff such as to constitute oppression, fraud or malice under California Civil Code Section 3294, entitling plaintiff to punitive damages in an amount in excess of the jurisdictional limits of this court and in an amount appropriate to punish or set an example of defendants for the public good.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them as hereinafter set forth.

### JURY DEMAND

32. Plaintiff demands that this matter be tried before a jury.

### PRAYER

WHEREFORE, plaintiff prays for relief as follows.

1. For special damages in an amount to be ascertained according to proof;

2. For general damages in the sum of $1,000,000.00;

3. For punitive damages against the individually named employees in an amount sufficient to punish their conduct

and to set an example such that similar conduct is abated and/or deterred;

  4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

  5. For costs of suit incurred herein; and

  6. For such other and further relief as the Court may deem just and proper.

Dated: November 7, 2007  LAW OFFICE OF JOHN L. BURRIS

By: *[signature]*
John L. Burris, Esq.
Attorney for Plaintiff

COMPLAINT FOR DAMAGES (EMPLOYMENT DISCRIMINATION)  11

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Stanley Hall
1555 Lakeside Drive
Oakland, CA 94612

From: San Francisco District Office
350 The Embarcadero
Suite 500
San Francisco, CA 94105

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 550-2007-01884

EEOC Representative: Margarita Hossainizadeh, Investigator

Telephone No.: (415) 625-5662

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

H. Joan Ehrlich, District Director

8/9/07 (Date Mailed)

Enclosures(s)

cc: AMTRAK
530 Water Street
Oakland, CA 94607