R. SCOTT ERLEWINE (State Bar No. 095106)
PHILLIPS, ERLEWINE & GIVEN LLP
One Embarcadero Center, Suite 2350
San Francisco, California 94111
Telephone: (415) 398-0900
Facsimile: (415) 398-0911

Attorneys for Defendant
NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HALL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), a private corporation; DOES 1-25, inclusive<br><br>　　　　　Defendants. | CASE NO. C07-05673 JL<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK'S ANSWER TO COMPLAINT** |

　　　　Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK ("Amtrak") hereby answers the Complaint as follows:

　　　　1.　　Answering paragraph 1, the jurisdictional and claim derivation allegations are legal conclusions and no response is required. Amtrak admits that it operates trains in the United States, including in the State of California, and that plaintiff's employment was terminated in the State of California. Except as specifically admitted, Amtrak denies the allegations.

　　　　2.　　Answering paragraph 2, Amtrak admits that plaintiff is an African-American male and that, while employed by Amtrak, he was over the age of 40 and worked in Oakland, California. Amtrak is without sufficient knowledge or information to form a belief as to whether

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

ANSWER TO COMPLAINT - CASE NO. C07-05673 JL
S:\Clients\AMTRAK\8204.11 (Hall)\pld\rse-answer-112807.wpd

1  plaintiff is a United States citizen and whether he resided in the City of Oakland, and on that
2  basis denies such allegations. Except as specifically admitted, Amtrak denies the allegations.

3      3.     Answering paragraph 3, Amtrak admits that it is and was a private federally
4  subsidized corporation authorized to and doing business in the State of California. Except as
5  specifically admitted, Amtrak denies the allegations.

6      4.     Answering paragraph 4, Amtrak is without sufficient knowledge or information to
7  form a belief as to whether "unknown individual defendants" were Amtrak employees, and on
8  that basis denies such allegations. Except as specifically admitted, Amtrak denies the
9  allegations.

10      5.     Answering paragraph 5, the allegations concerning Amtrak's relationship with
11  "other defendants" are legal conclusions and no response is required. Except as specifically
12  admitted, Amtrak denies the allegations.

13      6.     Amtrak denies the allegations in paragraph 6, and further denies that plaintiff has
14  been damaged in the amounts alleged, in any amounts or at all.

## STATEMENT OF FACTS

16      7.     Answering paragraph 7, Amtrak incorporates its responses to paragraphs 1
17  through 6 of the Complaint.

18      8.     Answering paragraph 8, Amtrak admits that plaintiff began his employment at
19  Amtrak on or about October 1, 2003; that plaintiff was initially employed in the position of
20  Principal Officer Infrastructure Agreements for the Strategic Planning and Contract
21  Administration Department; that in or about approximately mid-2005, Jeffrey Mann ("Mann"),
22  then Senior Director of State Contracts for Amtrak, became plaintiff's supervisor; that in or
23  about August 2006, Mann completed an evaluation of plaintiff's job performance covering the
24  period October 2004 to September 2005; that plaintiff's previous supervisor had been terminated;
25  that Mann is Caucasian and maintained his office in North Carolina; that Carol Gambrel
26  ("Gambrel") is a Caucasian female; that at the time Mann was responsible for contract operations
27  on the East Coast and also for supervising non-East Coast employees including plaintiff,
28  Gambrel and at least one other; and that in or about October and/or November 2006, Mann

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

edited an email which plaintiff had prepared. Except as specifically admitted, Amtrak denies the allegations.

9. Answering paragraph 9, Amtrak admits that in or about early 2007 Mann prepared a second evaluation of plaintiff's performance; that one of plaintiff's contracts was re-assigned to Gambrel; that Mann provided time lines within which plaintiff was to complete some of his assignments; that Mann required that plaintiff demonstrate proficiency in certain computer software; and that Mann placed plaintiff on probation. Except as specifically admitted, Amtrak denies the allegations.

10. Answering paragraph 10, Amtrak admits that plaintiff represented he is diabetic; that in or about February 2007, plaintiff took disability leave during the term of the probation; that the timelines for deliverables associated with plaintiff's probationary status were restarted upon plaintiff's return from disability leave in or about April 2007; and that plaintiff's employment was terminated on or about June 20, 2007 for failure to demonstrate the improvement required by the probation. Except as specifically admitted, Amtrak denies the allegations.

11. Answering paragraph 11, Amtrak admits that plaintiff filed a complaint against Amtrak and that the EEOC issued plaintiff a Notice of Right to Sue. Except as specifically admitted, Amtrak denies the allegations.

12. Amtrak denies the allegations set forth in paragraph 12 and further denies that plaintiff has been damaged in the amounts alleged, in any amount or at all.

13. Amtrak denies the allegations set forth in paragraph 13 and further denies that plaintiff has been damaged in the amounts alleged, in any amount or at all.

14. Amtrak denies the allegations set forth in paragraph 14 and further denies that plaintiff has been damaged in the amounts alleged, in any amount or at all.

15. Answering paragraph 15, Amtrak admits that plaintiff has retained counsel. Except as specifically admitted, Amtrak denies the allegations.

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

ANSWER TO COMPLAINT - CASE NO. C07-05673 JL
S:\Clients\AMTRAK\8204.11 (Hall)\pld\rse-answer-112807.wpd

3

**FIRST CAUSE OF ACTION**

16. Answering paragraph 16, Amtrak incorporates its responses to paragraphs 1 through 15 of the Complaint.

17. Answering paragraph 17, Amtrak admits that plaintiff is African-American and was at all times over the age of 40 while employed by Amtrak. Except as specifically admitted, Amtrak denies the allegations.

18. Answering paragraph 18, Amtrak admits that plaintiff filed a charge alleging race and age-based discrimination and that the EEOC issued a Notice of Right to Sue. Except as specifically admitted, Amtrak denies the allegations.

19. Amtrak denies the allegations set forth in paragraph 19.

20. Amtrak denies the allegations set forth in paragraph 20 and further denies that plaintiff has been damaged in the amounts alleged, in any amount or at all.

21. Answering paragraph 21, Amtrak admits that plaintiff has retained counsel. Except as specifically admitted, Amtrak denies the allegations.

22. Amtrak denies the allegations set forth in paragraph 22.

**SECOND CAUSE OF ACTION**

23. Answering paragraph 23, Amtrak incorporates its responses to paragraphs 1 through 22 of the Complaint.

24. Amtrak denies the allegations set forth in paragraph 24.

25. Amtrak denies the allegations set forth in paragraph 25 and further denies that plaintiff has been damaged in the amounts alleged, in any amount or at all.

**THIRD CAUSE OF ACTION**

26. Answering paragraph 26, Amtrak incorporates its responses to paragraphs 1 through 25 of the Complaint.

27. Answering paragraph 27, the allegations concerning alleged implied contractual terms are a legal conclusion and require no response. Except as specifically admitted, Amtrak denies the allegations.

PHILLIPS, ERLEWINE & GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

ANSWER TO COMPLAINT - CASE NO. C07-05673 JL
S:\Clients\AMTRAK\8204.11 (Hall)\pld\rse-answer-112807.wpd

4

28. Answering paragraph 28, the allegations concerning alleged implied promises are a legal conclusion and require no response. Except as specifically admitted, Amtrak denies the allegations.

29. Amtrak denies the allegations set forth in paragraph 29 and further denies that plaintiff has been damaged in the amounts alleged, in any amount or at all.

30. Answering paragraph 30, Amtrak admits that plaintiff has retained counsel. Except as specifically admitted, Amtrak denies the allegations.

31. Amtrak denies the allegations set forth in paragraph 31.

## JURY DEMAND

32. The matters alleged in paragraph 32 are a legal conclusion and require no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Amtrak's conduct was a fair and reasonable exercise of managerial discretion undertaken for nondiscriminatory and non-retaliatory reasons and regulated by good faith under the circumstances.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable care and diligence to mitigate his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed properly and timely to exhaust his administrative remedies with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission before filing this action.

### FIFTH AFFIRMATIVE DEFENSE

Even if any conduct alleged by plaintiff occurred, some other party, entity or individual would be liable and responsible for any and all damages, if any, suffered by plaintiff.

PHILLIPS, ERLEWINE & GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

ANSWER TO COMPLAINT - CASE NO. C07-05673 JL
S:\Clients\AMTRAK\8204.11 (Hall)\pld\rse-answer-112807.wpd

5

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has waived his right to recover.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, by his own conduct and actions, is estopped from bringing any and all claims for relief.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust the remedies available under Amtrak's established internal grievance procedures.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are unconstitutional under the due process clauses of the United States Constitution and the California Constitution.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and all damages sought, are subject, in whole or in part, to preemption under the Federal Employer's Liability Act (45 U.S.C.A. §§ 51 et seq.).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by the applicable statutes of limitation.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred, in whole or in part, by the statute of frauds and/or the parol evidence rule.

WHEREFORE, defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK prays as follow:

1) That plaintiff take nothing by his Complaint and that judgment be entered in favor of Amtrak and against plaintiff;

2) For costs of suit incurred herein;

1   3) For attorneys' fees; and

2   4) For such other and further relief as the Court deems just and proper.

3   DATED: January 3, 2008                PHILLIPS, ERLEWINE & GIVEN LLP

4

5                                         By: _____
6                                              R. SCOTT ERLEWINE
                                          Attorneys for Defendant NATIONAL RAILROAD
7                                         PASSENGER CORPORATION d/b/a AMTRAK

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

ANSWER TO COMPLAINT - CASE NO. C07-05673 JL
S:\Clients\AMTRAK\8204.11 (Hall)\pld\rse-answer-112807.wpd

7