R. SCOTT ERLEWINE (State Bar No. 095106)
PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, 35th Floor
San Francisco, California 94111
Telephone: (415) 398-0900
Facsimile: (415) 398-0911

Attorneys for Defendant
NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK

JOHN L. BURRIS, ESQ.
LAW OFFICE OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, California 94621-1939
Tel.: (510) 839-5200
Fax: (510) 839-3882
email: John.Burris@JohnBurrisLaw.com

Attorneys for Plaintiff
STANLEY HALL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY HALL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), a private corporation; DOES 1-25, inclusive<br><br>Defendants. | CASE NO. C07-05673 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: February 15, 2008<br>Time: 8:30 a.m.<br>Hon. Charles R. Breyer |

The parties to the above action jointly submit this Case Management Statement and proposed Order and request the Court to adopt it as its Case Management Order in this case.

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

JOINT CMC STATEMENT - C 07-05673CRB
S:\Clients\AMTRAK\8204.11 (Hall)\pld\rse-cmc-stm-020108.wpd

## DESCRIPTION OF THE CASE.

1. Brief Description of Underlying Events.

Plaintiff alleges:

Plaintiff, an African American man, was hired by defendant National Railroad Passenger Corporation ("Amtrak") in October 2003 as a Principal Officer, Infrastructure Agreements for the Strategic Planning and Contract Administration Department. In this position he negotiated and oversaw operating contracts between Amtrak and several west coast states and capital funding contracts for major railroad improvements. Prior to 2006, plaintiff's performance had consistently received strongly positive evaluations.

In April 2006, Jeffrey Mann ("Mann") was designated plaintiff's supervisor and immediately began a campaign to separate plaintiff from his employment. In August 2006, Mann generated an evaluation covering a period in which he had not observed plaintiff's work, which evaluation was virtually a reversal of prior evaluations. Mann also marked up an email prepared by plaintiff, purportedly demonstrating syntax and grammatical errors, and without plaintiff's knowledge, forwarded the marked up email to plaintiff's supervisor. These revisions were spurious and made in an attempt to injure plaintiff's reputation and as groundwork for his eventual termination. In 2007, Mann again evaluated plaintiff's performance, rating it substandard in virtually every significant performance category.

Throughout this period, Mann disparaged plaintiff with racist commentary, manipulated meeting times to cause plaintiff to be absent when matters in his area were discussed, and excluded plaintiff from meetings concerning his responsibilities. Plaintiff was finally placed on a performance improvement plan which was fraudulent, being set up and administered in a manner which plaintiff was guaranteed to be unsuccessful and at the conclusion of which, plaintiff was fired. Plaintiff contends the actions undertaken by Mann were done because of plaintiff's race (black) and age (57-61).

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

Defendant Amtrak alleges:

In October 2003, defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") hired plaintiff, an African American then age 57, as a Principal Officer Infrastructure Agreements for the Strategic Planning and Contract Administration Department. This position entailed negotiating and overseeing 1) operating contracts between Amtrak and several west coast states; and 2) capital funding contracts for major railroad improvements. As the result of a company-wide reorganization, plaintiff's position was subsequently reassigned to Contract Administration. Unfortunately, despite training and support, plaintiff failed to perform his job well and received negative performance reviews. Ultimately, plaintiff was placed on probation due to these difficulties, and when his performance again failed to improve, Amtrak terminated his employment in 2006.

Plaintiff has brought this action, asserting claims for race and age discrimination, breach of contract and breach of the implied covenant of good faith and fair dealing. Amtrak denies these allegations.

2. Disputed Principal Factual Issues.

The parties dispute the following principal factual issues:

- Whether plaintiff's position was at all times Principal Officer - West Coast Infrastructure Agreements;
- Whether plaintiff initially received positive performance evaluations;
- Whether plaintiff was given performance reviews by someone who had no opportunity to observe plaintiff's performance or supervise his work;
- Whether plaintiff's supervisor marked up an email prepared by plaintiff and sent it to plaintiff's ultimate superior, and if so, whether he did so with the intent to make plaintiff's work appear incompetent in order to set him up for termination;
- Whether plaintiff was given unrealistic performance deadlines;
- Whether plaintiff's supervisor required plaintiff to demonstrate proficiency in computer systems that were unnecessary for the assignment;

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

- Whether plaintiff's supervisor impeded plaintiff's efforts to receive training on computer systems;
- Whether the performance improvement plan indicators given to plaintiff were wholly subjective and vague and therefore did not serve Amtrak's legitimate business purposes;
- Whether the conduct of plaintiff's supervisor caused plaintiff to take disability leave;
- Whether plaintiff was denied equal terms and conditions of employment;
- Whether Amtrak acted with knowledge that its conduct would end plaintiff's career and block his opportunities for further employment;
- Whether Amtrak treated similarly or less favorably situated white, younger workers better than it treated plaintiff;
- Whether Amtrak's actions were motivated by plaintiff's race;
- Whether Amtrak's actions were motivated by plaintiff's age;
- Whether a contract existed between plaintiff and Amtrak concerning the evaluation of his job performance, and if so, its terms;
- Whether Amtrak denied the existence of a contract with plaintiff, and if so, whether it did so without a good faith belief that such conduct was honest or proper;
- Whether Amtrak terminated plaintiff's employment for reasons other than legitimate business justification; and
- Whether plaintiff has suffered damages as a result of Amtrak's alleged discriminatory conduct and, if so, the nature and extent thereof.

3. Disputed Principal Legal Issues:

The parties dispute the following principal legal issues:

- Whether Amtrak discriminated against plaintiff on the basis of race;
- Whether Amtrak discriminated against plaintiff on the basis of age;

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

- Whether Amtrak's conduct was a fair and reasonable exercise of managerial discretion undertaken for nondiscriminatory and non-retaliatory reasons and regulated by good faith under the circumstances;
- Whether plaintiff exhausted his administrative remedies before bringing this action;
- Whether plaintiff failed to exhaust the remedies available under Amtrak's established internal grievance procedures;
- Whether a contract existed between Amtrak and plaintiff;
- Whether Amtrak breached a contractual covenant of good faith and fair dealing;
- Whether plaintiff has waived his alleged right to recover;
- Whether plaintiff, by his own conduct and actions, is estopped from bringing any and all claims for relief;
- Whether plaintiff's claims are barred, in whole or in part, by the statute of frauds and/or the parol evidence rule;
- Whether plaintiff has taken reasonable efforts to mitigate his alleged damages;
- Whether one or more of plaintiff's claims are barred by the applicable statutes of limitation;
- Whether plaintiff's claims, and all damages sought, are subject, in whole or in part, to preemption under the Federal Employer's Liability Act (45 U.S.C.A. §§ 51 et seq.);
- Whether plaintiff's claims for punitive damages are unconstitutional under the due process clauses of the United States Constitution and the Constitution of the State of California;
- Whether Amtrak's employees involved in the alleged conduct were managing agents; and

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

- Whether Amtrak acted with malice, oppression, despicably and with reckless disregard of the rights of plaintiff, by clear and convincing evidence, so as to permit an award of punitive damages.

4. Other Unresolved Factual Issues.

None.

5. Unserved Parties.

All parties have been served.

6. Additional Parties to be Joined.

None known at this time.

**ALTERNATIVE DISPUTE RESOLUTION.**

7. Consent To Magistrate Judge for Trial.

Defendant Amtrak does not consent to the assignment of a Magistrate Judge. Plaintiff consents to a Magistrate Judge for trial.

8. ADR Procedures.

The parties have agreed to participate in an Early Settlement Conference with a Magistrate Judge.

**DISCLOSURES.**

9. Disclosures.

The parties will make their disclosures on or before February 7, 2008.

**DISCOVERY.**

10. Discovery Plan.

Plaintiff and Amtrak agree to adhere to the limitations on written discovery set forth in the Federal Rules of Civil Procedure. The parties propose that each side be limited to six (6) depositions, excluding expert depositions, and that the discovery cutoffs be set the

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street
35th Floor
San Francisco, CA 94111
(415) 398-0900

following days before trial:

Non-expert discovery - 90 days

Expert disclosures - 90 days

Expert discovery - 60 days

Plaintiff requests that he be allowed additional time beyond seven hours to conduct the depositions of Jeffrey Mann and Gilbert Mallery, respectively. Defendant Amtrak requests that it be allowed additional time beyond seven hours to conduct plaintiff's deposition. Fed.R.Civ.P. Rule 30(d)(2).

**TRIAL SCHEDULE.**

12. Trial date.

The parties request a trial date in February 2009.

13. Anticipated Length of Trial.

The parties' estimated time for trial is 7 days. Plaintiff requests a jury trial.

DATED: February 5, 2008

LAW OFFICE OF JOHN L. BURRIS

By:____________________
JOHN L. BURRIS
Attorneys for Defendant STANLEY HALL

DATED: February 5, 2008

PHILLIPS, ERLEWINE & GIVEN LLP

By:____________________
R. SCOTT ERLEWINE
Attorneys for Defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK

PHILLIPS, ERLEWINE & GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

JOINT CMC STATEMENT - C 07-05673CRB
S:\Clients\AMTRAK\8204.11 (Hall)\pld\jse-cmc-stm-020108.wpd

7