1  R. SCOTT ERLEWINE (State Bar No. 095106)
   PHILLIPS, ERLEWINE & GIVEN LLP
2  50 California Street, 35th Flr.
   San Francisco, California 94111
3  Telephone: (415) 398-0900
   Facsimile: (415) 398-0911
4
   Attorneys for Defendant
5  NATIONAL RAILROAD PASSENGER CORPORATION
   d/b/a AMTRAK
6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  STANLEY HALL,                    )   CASE NO. C07-05673 CRB
                                     )
13                Plaintiff,         )
                                     )
14  v.                               )
                                     )   **STIPULATION FOR A**
15  NATIONAL RAILROAD PASSENGER      )   **PROTECTIVE ORDER; ORDER**
    COPRORATION ("AMTRAK"), a private )
16  corporation; DOES 1-25, inclusive )
                                     )
17                Defendants.        )

18  _____

19      The parties stipulate to a protective order in the following form:

20      1. This Protective Order ("Order") shall govern all documents, materials, deposition

21  testimony, things, and any other information (collectively, "Information") produced or disclosed

22  in the course of this litigation by any party.

23      2. Any party may designate any Information produced or disclosed in the course of this

24  litigation as "Confidential Information" under the terms of this Order. A party may designate

25  Information as "Confidential Information" for any reason, including, but not limited to,

26  commercial sensitivity or the privacy concerns of the producing party, and any Information so

27  designated may not be disclosed to any non-party except as otherwise permitted by this Order.

28

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

PROTECTIVE ORDER – Case C 04-3360 SI
S:\Clients\AMTRAK\9204.11 (Hall)\pld\mo-protective-order-020708-1.wpd

3. Any party may designate Information as "Highly Confidential Information—Attorneys Eyes Only" under the terms of this order. "Highly Confidential Information—Attorneys Eyes Only" is Information which, according to a party, is of an unusually confidential or proprietary nature. "Highly Confidential Information—Attorneys Eyes Only" is Information which is only for the eyes of counsel, its legal assistants and its legal staff, as well as the Court, and shall not be disclosed to a party or to an officer, director, or employee of a party unless such disclosure is agreed to by all parties hereto in writing or ordered by the Court.

4. All Confidential Information or Highly Confidential Information—Attorneys Eyes Only shall be used solely for the prosecution, defense, or settlement of this action and shall not be used for any other purpose. Any person receiving Confidential Information or Highly Confidential Information—Attorneys Eyes Only shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

5. The parties shall designate Confidential Information and Highly Confidential Information—Attorneys Eyes Only by, in the case of documents and other tangible things, marking such Information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY," respectively, at or prior to the time of production and in such a manner as not to interfere with the legibility of the document. Marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY" on the cover of any multi-page documents shall designate all pages of the documents as Confidential Information or Highly Confidential Information—Attorneys Eyes Only, respectively, unless otherwise indicated.

6. Confidential Information produced or disclosed pursuant to this Order may be disclosed or made available only to counsel for a party (including paralegal, clerical and secretarial staff employed by such counsel); to judges, magistrates, law clerks and other personnel of the Court before which this action is pending (including stenographic reporters regularly employed by the Court); and to the following "qualified persons":

    a.    Any expert or consultant (including any employee of said expert or consultant) who is employed, retained, or otherwise consulted by a party to this Order, or its

PHILLIPS, ERLAWINE
& GIVEN LLP
One Embarcadero Center
Suite 2300
San Francisco, CA 94111
(415) 398-0900

PROTECTIVE ORDER – Case C 04-3360 SI
S:\Clients\AMTRAK\8204.11 (Hall)\pld\mo-protective-order-020708-1.wpd

2

1  attorney (provided, however, that the expert or consultant must return all documents and copies
2  thereof to the party or attorney who retained the expert or consultant upon resolution of this
3  action or the end of the expert's engagement, whichever comes first);
4       b.   Stenographic reporters not regularly employed by the Court, who are
5  engaged in such proceedings as are necessary to conduct this action;
6       c.   Any party to this action, or any officer, director or employee of a party to
7  this action, to the extent deemed necessary by counsel for the prosecution or defense of this
8  litigation (the foregoing, however, shall not permit the receiving party or its counsel to disclose
9  such Confidential Information to any officer, director or employee of the producing party (unless
10  otherwise permitted by this Order); and
11       d.   Deponents, to the extent deemed necessary by counsel for the prosecution
12  or defense of this litigation.
13     7. Prior to receiving any Confidential Information, a "qualified person" must first
14  complete a Confidentiality Agreement incorporating the terms of the model agreement attached
15  hereto as Exhibit A. Each original affidavit shall be held by counsel for the producing party, and
16  shall be subject to appropriate discovery.
17     8. Entering into, agreeing to and/or complying with the terms of this Order shall not:
18       a. Prejudice in any way the right of any party to object to the production of
19  documents or Information it considers not subject to discovery, to seek from the Court, by
20  application to the judge assigned to discovery issues, a determination whether particular
21  designated material should be produced, or to contest whether Information designated
22  Confidential Information and Highly Confidential Information—Attorneys Eyes Only has been
23  misdesignated;
24       b. Prejudice in any way the right of any party to apply to the Court to modify
25  the terms of this Order or to move the Court for a further protective order;
26       c. Prejudice in any way the right of any party to use, or object to the use of,
27  any designated material at any hearing or at trial of the action; or
28

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

PROTECTIVE ORDER – Case C 04-3360 SI
S:\Clients\AMTRAK\8204.11 (Hall)\pld\mo-protective-order-020708-1.wpd

3

      d.    Affect the obligations of any party or person to comply with the terms of any compulsory process.

9. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. The disclosure or production of any Information designated "Confidential Information," which is otherwise subject to privilege, does not constitute a waiver of such privilege so long as the non-producing party was the author or an intended or authorized recipient of the communication.

10. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

11. For applications and motions to the Court on which a party hereto submits Confidential Information or Highly Confidential Information—Attorneys Eyes Only, all documents and chambers copies containing such information which are submitted to the Court for filing shall be submitted in sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the documents shall be attached. If such information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped or marked on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> This envelope is sealed pursuant to Order of the Court, contains Confidential Information or Highly Confidential Information—Attorneys Eyes Only and is not to be opened or the contents revealed, except by Order of the Court or agreement by the relevant parties.

12. Any discovery material to be treated as Confidential Information by reason of this Order may be made an exhibit or referred to at any deposition herein, but the portion of the transcript which refers to any such Confidential Information, or the entirety of the transcript, shall be treated as Confidential Information.

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2300
San Francisco, CA 94111
(415) 398-0900

PROTECTIVE ORDER – Case C 04-3360 SI
S:\Clients\AMTRAK\5204.11 (Hall)\pld\uso-protective-order-020708-1.wpd

4

13. Any party may object to the designation of particular Information as "Confidential Information" or "Highly Confidential Information—Attorneys Eyes Only" by giving written notice to the producing party and to all other parties. Such notice shall identify with specificity the Information to which the objection is directed and the basis of the objection. If any party challenges a designation of Information as Confidential Information or Highly Confidential Information—Attorneys Eyes Only and such dispute cannot be resolved by the parties within seven (7) business days of receipt of such notice, the objecting party may file a motion with the Court for a ruling that certain Information designated as Confidential Information or Highly Confidential Information—Attorneys Eyes Only is not entitled to confidential or Highly Confidential treatment under this Order. The confidential status of the Information at issue shall be maintained pending the Court's ruling on the motion.

14. All provisions of this Order restricting the communication and use of Confidential Information or Highly Confidential Information—Attorneys Eyes Only shall continue to be binding at the conclusion of this action unless otherwise agreed or ordered. All documents designated Confidential Information or Highly Confidential Information—Attorneys Eyes Only and produced in this action—together with all copies, notes, or other transcriptions made therefrom—shall be returned to the producing party within sixty (60) days of the conclusion of this action. Notwithstanding the immediately preceding sentence, documents which contain communications or information protected by a privilege or by the work-product doctrine may be retained by the possessing party but shall be maintained as Confidential Information or Highly Confidential Information—Attorneys Eyes Only, shall be subject to the applicable prohibitions against disclosure and shall be prominently marked, or be stored in an envelope or other container prominently marked, with a legend identical or substantially similar to "Do not disclose. Subject to Confidentiality Order."

PHILLIPS, ERLE WINK
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

PROTECTIVE ORDER – Case C 04-3360 SI
S:\Clients\AMTRAK\8204.11 (Hall)\pld\mo-protective-order-020708-1.wpd

5

DATED: February 11th, 2008

PHILLIPS, ERLEWINE & GIVEN LLP

By: _____
R. Scott Erlewine
Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK

DATED: February __, 2008

LAW OFFICE OF JOHN L. BURRIS

By: _____
John L. Burris
Attorneys for Plaintiff Stanley Hall

**ORDER**

IT IS SO ORDERED:

Dated: __February 11, 2008__

UNITED STATES

IT IS SO ORDERED
Judge Charles R. Breyer

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 2350
San Francisco, CA 94111
(415) 398-0900

PROTECTIVE ORDER – Case C 04-3360 SI
S:\Clients\AMTRAK\#204.11 (Hall)\pld\no-protective-order-020708-1.wpd

6

**EXHIBIT A**

CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, 2008, in *Hall v. National Railroad Passenger Corporation ("Amtrak")*, Case No. C 07-05673 CRB. I have been given a copy of that Order and have read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information—including copies, notes, or other transcriptions made therefrom—in a secure manner to prevent unauthorized access to it. No later than thirty (60) days after the conclusion of this action, I will return the Confidential Information—including copies, notes, or other transcriptions made therefrom—to the counsel who provided me with the Confidential Information. Notwithstanding the immediately preceding sentence, documents which contain communications or information protected by a privilege or by the work-product doctrine may be retained by myself but shall be maintained as Confidential Information, shall be subject to the applicable prohibitions against disclosure and shall be prominently marked with a legend identical or substantially similar to "Do not disclose. Subject to Confidentiality Order." I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Protective Order.

DATED: _____

                                    _____
                                    Signature

PHILLIPS, ERLEWINE
& GIVEN LLP
One Embarcadero Center
Suite 1350
San Francisco, CA 94111
(415) 398-0900

PROTECTIVE ORDER – Case C 04-3360 SI
S:\Clients\AMTRAK\8204.11 (Hall)\pld\mo-protective-order-020708-1.wpd